UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAI ROSE, | Case No. 1:24-cv-00251-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| WINCO FOODS, LLC | |
| Defendant. | |

## I. INTRODUCTION

Before the Court are Plaintiff Sai Rose's ("Rose") Motion to Recognize Proper Service (Dkt. 10) and Defendant WinCo Foods, LLC's ("WinCo") Motion to Dismiss Amended Complaint (Dkt. 14). WinCo has filed a response to Rose's Motion to Recognize Proper Service. Dkt. 12. However, Rose has not responded to WinCo's Motion to Dismiss, despite a directive from the Court to do so. Dkt. 15. Accordingly, both motions are ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Rose's Motion to Recognize Proper Service and GRANT Defendant's Motion to Dismiss. However, the Court will give Rose a final opportunity to amend his complaint and allege cognizant

claims.

## II. BACKGROUND

On May 17, 2024, Rose filed a Complaint and an application to proceed in forma pauperis, alleging that WinCo violated the Americans with Disabilities Act ("ADA") by denying him reasonable accommodation for a service animal. Dkts. 1, 2. Approximately one week later, on May 23, 2024, Rose filed an Amended Complaint to "include new information and exhibits, that were not available at the time the main complaint was filed." Dkt. 4, at 1. The Amended Complaint incorporated factual allegations that appear to respond to a May 13, 2024, letter WinCo sent to Rose. *Id*. at ¶¶ 5-25.

On July 8, 2024, the Court granted Rose's application to proceed informa pauperis and determined that the facts alleged in the Complaint were adequate to proceed *at that stage*. Dkt. 5. Under Federal Rule of Civil Procedure 4, the Court was required to order service on WinCo because Rose had been granted in forma pauperis status. Accordingly, the Clerk of the Court issued a Summons and Waiver of Service to WinCo. Dkt. 6. The following day, July 9, 2024, WinCo filed a Waiver of Service, as permitted by the Court's order. Dkts. 5, 7.

On July 16, 2024, Rose filed a Motion to Recognize Proper Service, citing issues related to the Court's service order and WinCo's waiver of service. Dkt. 10. On August 5, 2024, WinCo filed a response to Rose's motion. Dkt. 12.

Subsequently, on September 6, 2024, WinCo filed a Motion to Dismiss the Amended Complaint, asserting that the Amended Complaint failed to comply with Federal Rule of Civil Procedure 8. Dkt. 14. On the same day, the Court issued a Notice to Pro Se

Litigants informing Rose of the requirements for responding to dispositive motions. Dkt. 15. However, Rose failed to respond to WinCo's Motion to Dismiss.

### III. LEGAL STANDARD

A. *Motion to Recognize Proper Service*

Federal Rule of Civil Procedure 4 provides that "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915," then the court "*must* order that service be made . . . ." Fed. R. of Civ. Proc. 4(c)(3) (emphasis added). Similarly, 28 U.S.C. § 1915 states that "the officers of the court *shall* issue and serve all process" in cases with qualifying in forma pauperis plaintiffs. 28 U.S.C. § 1915(d) (emphasis added); *see also Jones v. Velocity Tech. Sols. LLC*, 2020 U.S. Dist. LEXIS 136680, at *3 (E.D. Cal. July 31, 2020) (28 U.S.C. § 1915 "requires district courts to conduct a preliminary screening of the complaint" and, after that, "the court is required to 'issue and serve all process'") (cleaned up).

B. *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

    C.  Leave to Amend

Where a plaintiff is proceeding pro se, the complaint must be liberally construed, and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 567 (N.D. Cal. 2019) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). While it is true that pro se litigants should be liberally granted the opportunity to amend pleadings, "they are not entitled by law to multiple opportunities." *Stamos v. Citrus Heights Police Dept.*, 2005 WL 3429312, at 1 (9th Cir. 2005) (internal citations omitted). The decision is within the discretion of the trial court.

## IV. ANALYSIS

    A.  Motion to Recognize Proper Service

Rose filed an application to proceed in forma pauperis, which the Court granted on

July 8, 2024. Dkt. 5. Pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court ordered service to be made. On the same day, the Clerk of the Court issued a notice, confirming that service had been properly affected upon WinCo. Dkt. 6.

Additionally, on July 9, 2024, WinCo executed and filed a Waiver of Service, acknowledging that service was properly completed in accordance with the Federal Rules. Dkt. 7. This waiver satisfies the requirements of Rule 4(d), which permits defendants to waive formal service as a valid alternative.

Rose has not identified any substantive deficiencies in the service process or provided evidence suggesting that service was improper. In fact, it appears Rose is frustrated the Court served WinCo on his behalf and that he wants to "undo" the Court's actions in favor of his own "service." *See generally* Dkt. 10, at 1–2. First, it is not clear Rose's efforts to serve WinCo complied with Federal Rule of Civil Procedure 4. Second, he does not lose any substantive rights by having the Court serve for him. Third and finally, the issue is effectively moot at this stage because WinCo waived formal service, accepted the summons, filed an appearance, and is defending the case.

In short, the Court's prior order authorizing service, the Clerk's notice, and WinCo's Waiver of Service collectively demonstrate that service was valid and complete in this case. Accordingly, Rose's Motion to Recognize Proper Service (Dkt. 10) is unnecessary and is, therefore, DENIED as MOOT.

B.  *Rule 12(b)(6)*

In its Motion to Dismiss, WinCo argues that Rose's Amended Complaint fails to comply with the provisions of Federal Rule of Civil Procedure 8(a) and should, therefore,

be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 14. The Court agrees. Under Rule 8(a), a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Rose's Amended Complaint fails to satisfy each of these requirements.

First, the Amended Complaint does not assert a basis for the Court's jurisdiction, as required by Rule 8(a)(1). Dkt. 4. Jurisdictional allegations are essential, yet the Amended Complaint provides no indication of the legal authority under which the claims are brought or why this Court is the proper forum for Rose's grievances. *Id*.

Second, the Amended complaint fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2). The Supreme Court has clarified that this provision requires a complaint to give defendants "fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, U.S. 544, 555 (2007). Rose's Amended Complaint contains a vague and disorganized assortment of allegations and references to exhibits, none of which are tied to a cognizable legal theory. Dkt. 4. The "Factual Allegations" section is convoluted and lacks clarity, making it impossible to discern the claims being asserted. *Id*. In fact, the claims are only partially understandable when cross-referenced with the original Complaint, which is insufficient to meet the pleading standard. Dkts. 2, 4.

To state a claim under the ADA, Rose must prove that: (1) he has a disability, (2) WinCo's facility is a place of public accommodation, and (3) WinCo denied him full and equal treatment because of his disability. *See Wilson v. Pier 1 Imports (US), Inc.*, 439 F.

Supp. 2d 1054, 1067 (E.D. Cal. 2006). Although the Amended Complaint generally states that Rose is disabled (*see* Dkt. 4 at ¶¶ 17, 22), it fails to include allegations supporting the proposition that Rose was denied full and equal treatment by WinCo. This is not sufficient to put WinCo on notice of the relevant facts comprising Rose's claim of discrimination.

Third, the Amended Complaint does not meet the Rule 8(a)(3) requirement of making a "demand for the relief sought." Rather than specifying the relief sought, the Amended Complaint includes a statement indicating that Rose hopes to resolve the matter without involving the Court. Dkt. 4, at 5. This omission further obscures the purpose of the filing and fails to give the Court or WinCo notice of the relief sought.

In sum, Rose's Amended Complaint fails to meet the requirements of Rule 8(a) in its entirety. Without a basis for jurisdiction, a clear statement of claims, or a demand for relief sought, the Amended Complaint does not provide Defendants with adequate notice or satisfy the standards of Rule 8(a). Consequently, the Amended Complaint is subject to dismissal under Rule 12(b)(6).

C.  Leave to Amend

The Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that the deficiencies in the pleading may be cured by amendment. However, even a pro se plaintiff is not necessarily entitled to multiple opportunities to amend. *See, e.g., Isbelle v. Denney*, 2020 WL 2841886 (D. Idaho, 2020) (denying a pro se litigant multiple opportunities to amend).

While the Court is sympathetic to Rose's pro se status, it remains his responsibility to address the deficiencies identified above regarding his Amended Complaint. To provide

Rose a final opportunity to correct these deficiencies, the Court will grant him leave to file a Second Amended Complaint. If Rose chooses to amend, the Second Amended Complaint must fully comply with the threshold pleading standards set forth in Federal Rule of Procedure 8 and must adequately address the concerns addressed in this decision. If the Second Amended Complaint fails to do so, the Court may dismiss all claims with prejudice.

## V. ORDER

Therefore, the Court HEREBY ORDERS:

1. Rose's Motion to Recognize Proper Service (Dkt. 10) is DENIED as MOOT.

2. WinCo's Motion to Dismiss (Dkt. 14) is GRANTED.

3. Rose's Amended Complaint (Dkt. 4) is DISMISSED WITHOUT PREJUDICE and leave to amend is granted as to all claims.

4. Any Second Amended Complaint must be filed within 30 days of the date of this order. Failure to comply will result in the full dismissal of this case WITH PREJUDICE.

DATED: January 30, 2025

_____
David C. Nye
Chief U.S. District Court Judge